**UNITED STATES of America, Plaintiff,**

v.

**Gerald C. WATKINS, Defendant.**

**No. CIV-2-81-225.**

United States District Court,
E.D. Tennessee,
Northeastern Division.

May 5, 1982.

Mary Anne Reese and Richard K. Harris, Asst. U.S. Attys., John Gill, U.S. Atty., Knoxville, Tenn., for plaintiff.

Gerald C. Watkins, pro se.

### MEMORANDUM OPINION

NEESE, District Judge.

The defendant Mr. Gerald C. Watkins has been defaulted for failure to appear herein. *See* entry of default of March 16, 1982. The plaintiff United States of America moved the Court for a judgment by default of $628.30. Rule 55(b)(2), Federal Rules of Civil Procedure.

Such application should have been made by a request to the clerk to this Court for a judgment by default. Rule 55(b)(1), Federal Rules of Civil Procedure. The plaintiff's claim against the defendant is for the sum-certain of $628.30: "* * * When the plaintiff's claim against a defendant is for a sum certain * * *, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if he has been defaulted for failure to appear and if

he is not an infant or incompetent person," *idem.,* and is not subject to the Soldiers' and Sailors' Civil Relief Act of 1940 (Act), 50 U.S.C. Appendix, §§ 501, et seq.

An attorney for the plaintiff made affidavit that $628.30 is the amount due the plaintiff from the defendant and that he is not an infant, incompetent person, or subject to the Act. The plaintiff claims it overpaid the defendant by such amount under 38 U.S.C., ch. 36, sub-chap. III (relating to education loans to eligible veterans and eligible persons).

" * * * [S]uch overpayment shall be recovered from the veteran * * * in the same manner as any other debt due the United States." 38 U.S.C. § 1798(e)(1) (the provisions of 38 U.S.C. § 1798(e)(2) being inapplicable as to this defendant). " * * * The Government by appropriate action can recover funds which its agents have * * * erroneously * * * paid [Footnote reference omitted]. 'No statute is necessary to authorize the United States to sue in such a case. The right to sue is independent of statute, ...' * * * Ordinarily, recovery of Government funds, paid by mistake to one having no just right to keep the funds, is not barred by the passage of time. * * *" *United States v. Wurts* (1938), 303 U.S. 414, 415–416, 58 S.Ct. 637, 638, 82 L.Ed. 932, 934 (headnotes 2, 3).

The aforementioned application to the Court, therefore, hereby is DENIED without prejudice to the plaintiff's application to the clerk of this Court for entry of a judgment by default under the provisions of Rule 55(b)(1), *supra.*